# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JAMES ADAMS, JR.,

    Petitioner,

v.                                CIVIL ACTION NO. CV605-017

PAUL THOMPSON, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Adams, Jr. ("Adams"), an inmate currently incarcerated at Hancock State Prison in Sparta, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 challenging his conviction in the Superior Court of Toombs County. Respondent filed an Answer-Response and a Motion to Dismiss. Adams has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Adams was convicted after a jury trial on June 28, 2000, of armed robbery and theft of a motor vehicle. He was sentenced to life imprisonment without the possibility of parole and twenty years' imprisonment, to be served concurrently. Adams filed an appeal, and on October 2, 2001, the Georgia Court of Appeals affirmed his conviction and sentences. Adams v. The State of Georgia, No. A01A1121 (2001). On March 14, 2002, Adams filed a state habeas corpus petition in the Telfair County Superior Court. (Resp't's Ex. 1.) The Honorable H. Frederick Mullis, Jr., denied Adams' petition on July 30, 2003. Adams then filed an application for certificate of probable cause to appeal the denial of habeas relief

AO 72A
(Rev. 8/82)

with the Georgia Supreme Court. The Georgia Supreme Court denied Adams' application on January 20, 2004. (Resp't's Ex. 4.) Adams filed the instant petition pursuant to 28 U.S.C.A. § 2254 in the United States District Court for the Northern District of Georgia on October 14, 2004. (Doc. No. 1.) His petition was transferred to this Court by Order dated January 28, 2005. (Doc. No. 3.) Respondent seeks dismissal of Adams' petition as untimely filed.

## DISCUSSION AND CITATION OF AUTHORITY

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions. The amendment sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions. 28 U.S.C.A. § 2244(d)(1). According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

Id.

Adams' conviction became final at the time of his completion of the direct review process or at the time for seeking such review became final. 28 U.S.C.A. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). The Georgia Court of Appeals affirmed Adams' conviction and sentences on October 2, 2001. (Resp't's Ex. 2, p. 11.) Adams then had ten (10) days in which to file a motion for certiorari with the Georgia Supreme Court. Ga. Sup. Ct. R. 38. Adams did not do so; thus, his conviction became final on October 12, 2001. Because Adams' conviction became final on October 12, 2001, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C.A. § 2244(d)(1).

However, the applicable statue of limitation is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.A. § 2244(d)(2). "[A]n application is pending as long as the ordinary state collateral review process is in continuance— i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 2138, 153 L. Ed.2d 260 (2002) (internal citations omitted).

Adams timely filed a state habeas corpus petition in the Telfair County Superior Court on March 14, 2002. By that time, 153 days of Adams' one year statute of limitation had elapsed. The Telfair County Superior Court denied Adams' requested relief on July

3

30, 2003. Adams then had thirty (30) days, pursuant to O.C.G.A. § 9-14-52(b)[1], to timely file an application for certificate of probable cause with the Georgia Supreme Court. The Georgia Supreme Court denied Adams' application for certificate of probable cause on January 20, 2004. (Resp't's Ex. 4.) Adams did not file the instant petition until October 14, 2004, 268 days after his application for certificate of probable cause to appeal was denied. Adams allowed 421 days to elapse between the date his conviction became "final" and the date he filed the instant petition. Accordingly, his petition was filed outside of the one year statute of limitations available under 28 U.S.C.A. § 2244(d)(1). Adams' assertion that his petition should be considered timely filed because it was filed within one (1) year of the Georgia Supreme Court's denial of his application for certificate of probable cause to appeal is without merit.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 8) be **GRANTED**, and Adams' petition, filed pursuant to 28 U.S.C.A. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED** this 27th day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court. O.C.G.A. § 9-14-52(b). There is no evidence that Adams filed a notice of appeal with the Telfair County Superior Court, but whether he did or did not appears to be irrelevant.

4